**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HELIO FELIX, JR.,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:07-cv-1277-Orl-28DAB**

**BUDDY'S PAINTING SERVICE, INC.,
CLIFFORD W. DYE,**

        **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS (Doc. No. 10)**
>
> **FILED:**     **March 20, 2008**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff sued Defendants Buddy's Painting Service, Inc. and Clifford W. Dye for unpaid overtime wages and violation of the minimum wage provision, as well as attorney's fees and costs, pursuant to the Fair Labor Standards Act (29 U.S.C.A. § 201, *et seq.,* herein "the FLSA")[1]. Doc. No. 1. Defendant Clifford Dye was served personally as an individual Defendant and as president of the corporate Defendant Buddy's Painting Service, Inc., pursuant to Florida Statute § 48.081[2]. Following

---

[1] Plaintiff is voluntarily abandoning his breach of contract claim. Doc. No. 10 at 1.

[2] Service of process against any private corporation may be served on the president of the corporation. FLA. STAT. § 48.081. The Secretary of State listing for Buddy's Painting Service, Inc. lists as President, Clifford W. Dye, 4477 E. CR.

(continued...)

service of process (*see* Doc. Nos. 4, 5) on August 30, 2007, Defendants failed to appear and Plaintiff moved for entry of a clerk's default (Doc. No. 6) on December 4, 2007. A default was entered on December 4, 2007. Doc. No. 7. Plaintiff now moves for a default judgment for wages owed, fees and costs incurred, and has filed supporting Affidavits (Doc. Nos. 10-2, 10-3); the matter is now ripe for resolution.

The Court finds that Defendants' failure to timely respond to the Complaint and subsequent entry of default served to admit the well pled allegations of the Complaint. Plaintiff was employed by Defendants from April to August 2006 as a painter. Doc. No. 10-3. During his employment, Plaintiff's regular rate of pay was $12.00 per hour. *Id.* ¶ 3. Plaintiff worked 93.75 hours of straight time from July 22, 2006 to August 6, 2006, for which he did not receive $482.81 from Defendants. *Id.* ¶ 2. Plaintiff worked a total of 14 hours per week, or 238 hours total, of overtime from April 2006 to August 6, 2006, for which he received (1) only straight time wages from Defendants, from April to July 21, 2006, and (2) no overtime wages from July 22 to August 6, 2006, for a total amount owed of $1,428. *Id.* ¶ 3. As Defendants have defaulted, the Court finds that Plaintiff is entitled to the entry of judgment on the issue of liability for overtime and unpaid wages in the amount of $1910.81 and liquidated damages of an equal amount, for a total of $3,821.62.

In FLSA suits for unpaid minimum wages or unpaid overtime wages, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). This provision has been interpreted to mean that "fee awards [are] mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985); *see also Shelton v. Ervin*, 830 F.2d 182, 184

---

[2](...continued)
48, Centerhill, FL 33514." *See* www.sunbiz.org (search for "Buddy's Painting Service, Inc."). Defendant Dye was personally served at an alternative address, 5370 SW 161 Place Rd., Ocala, Florida 34473.

(11th Cir. 1987) ("Section 216 provides for an award of attorney's fees, as opposed to granting the court discretion in awarding such fees, to the prevailing plaintiff in FLSA cases."). As the mandatory language of the Act says "in addition to any judgment", it is clear to this Court that a prevailing plaintiff means a plaintiff that has at least obtained a judgment, regardless of the amount of the recovery. This is in keeping with the legislative history of the Act, which reflects Congress' desire to protect workers and discourage unscrupulous employers."

Plaintiff seeks to recover $1,985 for attorney's fees and $570 for costs. Plaintiff's counsel avers that he spent 6.3 hours of time prosecuting this matter, at an hourly rate of $300.00 per hour; and his paralegal spent 1 hour at a rate of $95 per hour. Doc. No. 10-2. Counsel has presented an itemized list of the services provide by his firm, and the time spent by him and the paralegal appears reasonable for the tasks completed. *Id.; see* Doc. No. 10-2. The Court finds $300.00 per hour for attorney work and $95.00 per hour for paralegal work to be a reasonable rate in this FLSA case. "Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness." *Farrar v. Hobby,* 506 U.S. 103, 115 (1992).

In view of all of the foregoing, it is **respectfully recommended** that final judgment be entered in Plaintiff's favor against Defendants Buddy's Painting Service, Inc. and Clifford W. Dye in the amount of **$ 3,821.62** in damages, **$1,985** in attorney's fees, and **$570** in costs (filing fee and service of process charges).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 7, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy